**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ERIN CAVALIER, *Plaintiff,* | : | |
| v. | : | No. 1:16-CV-02009-RDM |
| THE CATHOLIC UNIVERSITY OF AMERICA, *Defendant.* | : | |

**PLAINTIFF'S MOTION TO EXCLUDE**
**HOWARD KALLEM AS AN EXPERT WITNESS**[1]

Plaintiff Erin Cavalier sued Defendant Catholic University of America for its deliberate indifference as displayed by its actions (and inactions) in the aftermath of her alleged rape. Unfortunately, now Defendant is not only deliberately indifferent to Ms. Cavalier's rape, but also, it is deliberately indifferent to this Court's Orders. Through its failure to make one of its experts, Howard Kallem, available for a deposition, Defendant failed to comply with *two* of this Court's Orders: the October 17, 2016 Standing Order in Civil Cases and this Court's July 22, 2019 Amended Scheduling Order. Pursuant to Federal Rule of Civil Procedure 16(f), this Court should sanction Defendant for its noncompliance and exclude Howard Kallem as an expert witness in this case.[2]

---

[1] Plaintiff is aware of this Court's requirement that the Parties seek leave of the Court prior to filing any motions relating to a discovery dispute. Because the deadlines for both fact discovery and expert discovery have passed, *see* Minute Order, dated July 22, 2019, it is Plaintiff's understanding that she did not need to seek leave of Court prior to filing this Motion.

[2] Pursuant to Local Rule 7(m), the Parties conferred regarding this Motion. Defendant indicated that it will oppose this Motion.

## BACKGROUND

### I. Procedural History

Plaintiff Erin Cavalier filed her complaint on October 7, 2016. *See* ECF No. 1. Since that filing, this Court, at the Parties' requests, has amended the Scheduling Order five times. *See* Minute Orders, dated October 17, 2018, December 17, 2018, May 6, 2019, June 26, 2019, and July 22, 2019. While other deadlines changed through the Court's amended Orders, the Parties have worked diligently to ensure that the summary judgment briefing schedule remains the same.[3] This Court's most recent July 22 Amended Scheduling Order set an expert discovery deadline of August 23, 2019. Minute Order, July 22, 2019.

Prior to the August 23 close of expert discovery, both parties made their Federal Rule of Civil Procedure 26(a)(2) disclosures. Plaintiff disclosed two experts, Laura Dunn and Dr. Emily Newman. Pursuant to Rule 26, Plaintiff provided an interim and final report for Laura Dunn as well as a report for Dr. Emily Newman prior to August 23. Defendant also disclosed two experts, Howard Kallem and Dr. Avram Mack, and provided two expert reports. Mr. Kallem articulated several opinions in his August 2, 2019 report, including an opinion regarding whether Defendant was deliberately indifferent to Plaintiff's report of a peer-perpetrated, on-campus sexual assault.

Defendant chose not to depose Dr. Newman, and Plaintiff chose not to depose Dr. Mack. In compliance with Defendant's Notice of Deposition, Plaintiff made Ms. Dunn available for an August 23 deposition. *See* Ex. A (Notice of Deposition for L. Dunn). In contravention of Plaintiff's Notice of Deposition, Defendant failed to make Mr. Kallem available for his scheduled August 14 deposition. *See* Ex. B (Notice of Deposition for H. Kallem).

---

[3] Defendant's summary judgment motion is due September 6, 2019. Minute Order, July 22, 2019.

## II. Defendant's Failure to Produce Mr. Kallem for the Scheduled August 14 Deposition

On July 19, 2019, counsel for both Parties agreed to schedule Mr. Kallem's deposition for August 14. On August 12, 2019 — three weeks later and just two days before the scheduled August 14, 2019 deposition — Defendant's counsel emailed Plaintiff's counsel, declaring that "[w]e are going to have to reschedule Howard Kallem's deposition." Ex. C (E-mail chain between W. Nussbaum and K. Flowers, Aug. 12, 2019 thru Aug. 18, 2019) at 6. In his August 12 email, Defendant's counsel provided no explanation for his unilateral decision to reschedule the agreed-upon deposition of Mr. Kallem nor did he provide an alternative date for the deposition prior to the August 23 expert discovery deadline. Defendant's counsel further represented that he was unavailable to defend Mr. Kallem's deposition the entire week of August 12.

Initially, given their work schedules prior to the close of discovery, Plaintiff's counsel was amenable to extending the expert discovery deadline to ensure that Plaintiff had an opportunity to depose Mr. Kallem before the deposition of Ms. Dunn.[4] Plaintiff's counsel informed Defendant's counsel of such by email on August 12. *See id.* at 5. On August 13 — a day before Mr. Kallem's deposition — Defendant's counsel represented, by telephone, that he was unable to attend Mr. Kallem's deposition on August 14 (or reschedule it for a day that same week) because of unspecified, personal issues. During this conversation, Plaintiff's counsel inquired as to the availability of other attorneys in counsel's law firm to defend Mr. Kallem's

[4] At all times, Plaintiff's counsel has maintained that the proper course for extending the expert discovery deadline (to include the deadline to depose Mr. Kallem) was through a motion for an extension of time with this Court. *See* Ex. C. at 5 ("Once we confirm Ms. Dunn's availability, we will let [you] know, so that you can file a Motion with the Court requesting a change to the current deposition schedule and the August 23, 2019 status report.").

deposition. Defendant's counsel maintained that, despite his law firm of approximately 400 lawyers,[5] there was no one available to defend the deposition of Mr. Kallem.

Given defense counsel's representations by telephone and Ms. Cavalier's position that this case be resolved with more alacrity, Plaintiff's counsel reworked their schedules, informed Defendant's counsel of their ability to accommodate the sudden change in schedule and still respect the Court's July 22 Amended Scheduling Order, and proposed three dates to take Mr. Kallem's deposition prior to the August 23 close of expert discovery: August 15, August 21 and August 22. *See id.* at 4. Plaintiff's counsel requested that if defense counsel could not agree to any of those three dates, counsel make Mr. Kallem available on the agreed-upon August 14 date. *Id.*

In response, Defendant's counsel indicated that Mr. Kallem was on vacation on August 21 and 22 and was therefore unavailable to be deposed on those two dates. *See id.* at 3. Defendant's counsel provided no explanation as to why Mr. Kallem could not be deposed on August 15.[6] Defendant's counsel also maintained that he would not make Mr. Kallem available on August 14. *Id.* Defendant's counsel next proposed deposing Mr. Kallem on September 4, 5 or 6 or at the end of September because he is on vacation from September 8 to September 21. *Id.* at 2. Plaintiff's counsel rejected this proposal, as it would extend summary judgment briefing at least a month.[7] *Id.* at 1. Moreover, Plaintiff's counsel is unavailable on September 4, 5 or 6. *Id.*

---

[5] *See* https://en.wikipedia.org/wiki/Saul_Ewing_Arnstein_%26_Lehr (visited on August 22, 2019).

[6] Curiously, Plaintiff's counsel received an email from Defendant's counsel on August 15, suggesting that he was indeed working on this day and that his personal issues may have been resolved. *See id.* at 2.

[7] In an email, Defendant's counsel acknowledged that an extension of the expert discovery deadline may result in an extension of the summary judgment briefing schedule. *See* Ex. C at 2 (defense counsel stating that in addition to informing the Court of Defendant's unilateral

At no point between August 12, when Defendant's counsel initially determined that he would be unavailable on August 14, and the August 23 close of expert discovery, did Defendant's counsel attempt to make Mr. Kallem available for his deposition or request permission from this Court to extend the expert discovery deadline.

## ARGUMENT

### I. Defendant Failed to Comply with this Court's Orders and Therefore Exclusion of Howard Kallem as an Expert is Warranted.

In its initial Standing Order in Civil Cases, ECF No. 6, this Court ordered that "[a]bsent extraordinary circumstances, contested motions for extension of time shall be filed at least three business days before the relevant deadline." ECF No. 6 at 5. In its most recent July 22 Amended Scheduling Order, this Court ordered that expert discovery be completed by August 23. Minute Order, July 22, 2019. As early as August 14, six days before Defendant's deadline to file a motion for the extension of discovery, Defendant was on notice that Plaintiff would oppose any motion for an extension of discovery because of her desire to depose Mr. Kallem before August 23. *See* Ex. C at 2 ("We will oppose any motion for an extension of discovery."). Nonetheless, Defendant continued to refuse to make Mr. Kallem available prior to August 23. Defendant also failed to file the required motion for extension of time by August 20, despite its obligation to do so. *See, e.g., Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1318 (N.D. Okla. 2006) (finding that the defendant "was required to take some action to stay the deposition until the parties, with or without the Court's assistance could resolve the dispute"). Even more, defense counsel demonstrated complete disregard for the Court's July 22 Scheduling Order with his presumption that this Court would not "have a problem" extending the discovery deadline

---

decision to reschedule Mr. Kallem's deposition, "[w]e can also propose in the status report a briefing schedule for summary judgment").

and that he was "not sure we need[ed] to formally request an extension in order to accomplish it." Ex. C. at 2. The Defendant's actions (or inactions) clearly demonstrate Defendant's deliberate indifference to this Court's Standing Order in Civil Cases and the Court's July 22 Amended Scheduling Order.

Federal Rule of Civil Procedure 16(f)(1)(C) "authorizes the Court to 'issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.'" *United States Sec. Comm'n v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 127 n.6 (D.D.C. 2016) (quoting Fed. R. Civ. P. 16(f)(1)(c)). Among the "just orders" authorized by Rule 37 is an order "prohibiting the disobedient party from . . . introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii), including expert reports and testimony, *see Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 227–28 (D.D.C. 2015) (noting the court's exclusion of expert testimony because of the plaintiffs' failure to comply with the expert disclosure deadline).

Here, where Defendant makes *no attempt* to comply with the deadlines in this Court's Standing Order in Civil Cases or this Court's July 22 Amended Scheduling Order, the Court should exercise its authority to sanction Defendant by excluding Mr. Kallem from serving as an expert for the Defendant in this case.[8] Defendant should not be permitted to disregard not one, but two of this Court's orders without consequence. Defendant was aware of this Court's deadlines, and of Plaintiff's desire to move this case along, and still Defendant refused to comply

[8] In the alternative, this Court should award Plaintiff the expenses and attorneys' fees associated with defense counsel's failure to comply with this Court's Standing Order in Civil Cases and July 22 Amended Scheduling Order. *See, e.g.*, *Robinson v. Dist. of Columbia*, 75 F. Supp. 3d 190, 197 (D.D.C. 2014) (awarding costs associated with the deposition of an expert after defendants failed to comply with their discovery obligations). However, as articulated below, such a sanction would not adequately address the prejudice and harm Plaintiff has faced as a result of Defendant's failure to comply with this Court's Orders.

with either Order. This Court ought not countenance Defendant's deliberate indifference to two of this Court's Orders. Accordingly, this Court should exercise its Rule 16(f) authority and exclude Mr. Kallem as an expert witness.

### II. Defendant's Failure to Comply with this Court's July 22 Amended Scheduling Order Has Unfairly Prejudiced Plaintiff.

As a result of Defendant's actions (or inactions), Plaintiff was unable to depose Mr. Kallem, Defendant's noticed expert regarding Defendant's compliance with Title IX, prior to the August 23 close of expert discovery. Plaintiff was unable to ask Mr. Kallem, under oath, key questions about the opinions he articulated in his 43-page report. As with any deposition, Plaintiff would have gathered key information and evidence that could have been used in her briefing on any motion for summary judgment that is filed.[9]

Any other sanction — but the exclusion of Mr. Kallem as an expert in this case — would not adequately address the prejudice Plaintiff faces and would unnecessarily extend the summary judgment briefing schedule, and in turn, the resolution of this case. There have already been numerous extensions to the discovery schedule. The Court should not further extend the schedule in this case, where (1) Defendant did not take the appropriate steps to seek such an extension, (2) the only reasons provided thus far for the need of such an extension are unspecified personal reasons, and (3) Plaintiff has waited almost three years for a case concerning her 2012 rape to be resolved. Plaintiff should not have to face additional delays in

[9] To the extent that defense counsel argues that the deposition testimony of its noticed Title IX expert in a case concerning Defendant's compliance with Title IX is irrelevant to summary judgment, this argument is baseless. *Cf.* Def.'s. Status Report, ECF No. 42 at 5. (making argument that Title IX experts are not needed at the summary judgment stage). The importance of experts and expert testimony at the summary judgment stage of litigation cannot be overstated. *See, e.g.*, *Ambrosini v. Labarraque*, 966 F.2d 1464, 1470 (D.C. Cir. 1992) (finding that an expert's affidavit, if admissible, "gave a sufficient factual basis to defeat summary judgment at this point").

the resolution of this case because of Defendant's deliberate indifference to the Court. Accordingly, this Court should exclude Mr. Kallem as an expert witness.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court exclude Howard Kallem as one of Defendant's experts, under Federal Rule of Civil Procedure 16(f), for failure to comply with this Court's Standing Order in Civil Cases and this Court's July 22 Amended Scheduling Order.

Date: August 26, 2019

Respectfully submitted,

/s/

Kobie Flowers (Bar No. 991403)
BROWN GOLDSTEIN & LEVY, LLP
1717 K Street, NW, Suite 900
Washington, DC 20006
Tel: (202) 742-5969
Fax: (202) 742-5948
kflowers@browngold.com

Anisha S. Queen (Bar No. 1029963)
Brooke E. Lierman (*via pro hac vice*)
Abigail Graber (*via pro hac vice*)
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
blierman@browngold.com
agraber@browngold.com
aqueen@browngold.com

*Counsel for Plaintiff Erin Cavalier*

# CERTIFICATE OF SERVICE

I certify that on this 26th day of August, 2019, a true and correct copy of the foregoing **Plaintiff's Motion to Exclude Howard Kallem as an Expert Witness** was served via the Court's ECF system on the following:

William D. Nussbaum
Aaron J. Kornblith
Saul Ewing Arnstein & Lehr LLP
1919 Pennsylvania Ave., NW, Suite 550
Washington, DC 20006
Tel: (202) 295-6652
Fax: (202) 295-6715
william.nussbaum@saul.com
aj.kornblith@saul.com

*Counsel for Defendant*
*Catholic University of America*

*/s/ Kobie Flowers*
Kobie Flowers